IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| JOHN RIDRIGUEZ,<br>    Plaintiff, | : | |
| | : | |
| v. | : | CIVIL ACTION NO. 23-CV-3496 |
| | : | |
| DR. TRIVIKRAM, *et al.*<br>    Defendants. | : | |

**MEMORANDUM**

**GOLDBERG, J.**                                                                                          **January 23, 2024**

John Ridriguez, an inmate detained at Curran-Fromhold Correctional Facility ("CFCF"), has filed this action seeking money damages for alleged negligence and violations of his civil rights arising from an alleged denial of adequate medical care. Named as Defendants are Dr. Trivikram, a doctor at CFCF; Dr. Kanika Gupta of Nazareth Hospital; Dr. Bradley Fink of Nazareth Hospital; and the Warden of CFCF.[1] By marking associated check boxes, Ridriguez indicated that all Defendants are named in their official as well as individual capacities. Ridriguez also seeks leave to proceed in forma pauperis. For the following reasons, the request to proceed in forma pauperis will be granted, certain claims will be dismissed, and Ridriguez will be afforded the option of proceeding on his remaining claims or filing an amended complaint.

---

[1] Ridriguez refers to the Warden as "Philadelphia Jail Warden Name N/A." I understand Ridriguez to refer to the Warden of CFCF.

I.    **FACTUAL ALLEGATIONS**[2]

Ridriguez alleges that on September 2, 2021, he slipped while taking a shower at CFCF and injured his knee. (Compl. at 4-5.) He was sent out of the prison to Nazareth Hospital where he was treated by Dr. Gupta and a non-defendant named Lea Chalb. (Id. at 4.) Dr. Gupta and Lea Chalb allegedly refused to order an MRI test for Ridriguez and sent him back to CFCF. (Id.) Ridriguez alleges that he did not get an MRI for 6 to 8 months and, when the test was performed, it showed a tear in his knee ligament that needed surgery. (Id.) He asserts that Dr. Gupta refused to treat him, Dr. Trivikram as the prison medical supervisor did not take steps to treat his injury, and Dr. Fink refused to perform surgery knowing that he had a major injury that could only heal with an operation. (Id.) He claims he has waited two years to have the surgery performed, but it has still not been done.[3] (Id. at 4-5.) Ridriguez seeks compensatory and punitive damages and a "get out [of] jail free card so I can go take care of myself." (Id. at 5.)

II.   **STANDARD OF REVIEW**

I will grant Ridriguez leave to proceed in forma pauperis.[4] Accordingly, 28 U.S.C. § 1915(e)(2)(B)(ii) requires Ridriguez's complaint to be dismissed if it fails to state a claim. I must therefore determine whether the Complaint contains "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009)

---

[2] The facts set forth in this Memorandum are taken from Ridriguez's Complaint (ECF No. 2). Page numbers refer to those supplied by the CM/ECF docketing system, which match the printed page numbers for the first 11 pages of the Complaint.

[3] Ridriguez has attached to his Complaint numerous grievance forms (id. at 12-17), sick call slips (id. at 19-43), and requests to staff (id. at 17-18), that he submitted about his knee problem from the time the injury occurred in 2021 through 2023. (Id. at 12-25.) The forms also reference other medical issues including high blood pressure and cold symptoms that do not appear to be the basis of the present lawsuit.

[4] Because Ridriguez is a prisoner, he must still pay the full amount of the filing fee for this case in installments as required by the Prison Litigation Reform Act.

(quotation marks omitted). "'At this early stage of the litigation,' '[a court will] accept the facts alleged in [the pro se] complaint as true,' 'draw[] all reasonable inferences in [the plaintiff's] favor,' and 'ask only whether [that] complaint, liberally construed, . . . contains facts sufficient to state a plausible [] claim.'" Shorter v. United States, 12 F.4th 366, 374 (3d Cir. 2021). Conclusory allegations do not suffice. Iqbal, 556 U.S. at 678. Because Ridriguez is proceeding pro se, I construe the allegations of his Complaint liberally. Vogt v. Wetzel, 8 F.4th 182, 185 (3d Cir. 2021). However, "'pro se litigants still must allege sufficient facts in their complaints to support a claim.'" Id.

### III. DISCUSSION

Ridriguez asserts constitutional claims for money damages against each named Defendant in their official as well as individual capacities. He also asserts claims for negligence. The statute by which federal constitutional claims may be brought in federal court is 42 U.S.C. § 1983. "To state a claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." West v. Atkins, 487 U.S. 42, 48 (1988).

#### A. Official Capacity Claims

Ridriguez has named each Defendant in their official capacity. The Warden of CFCF and Dr. Trivikram appear to be employees of the City of Philadelphia. Claims against City officials in their official capacities are the same as claims against the City itself. See Kentucky v. Graham, 473 U.S. 159, 165-66 (1985). To state a claim against the City, Ridriguez must allege that the City's policies or customs caused the alleged constitutional violation. See Monell v. N.Y.C. Dept. of Soc. Servs., 436 U.S. 658, 694 (1978). Ridriguez "must identify [the] custom or policy, and specify what exactly that custom or policy was" to satisfy the pleading standard. McTernan v. City

of York, 564 F.3d 636, 658 (3d Cir. 2009). In addition, Ridriguez must "allege that the policy or custom was the 'proximate cause' of his injuries." Estate of Roman v. City of Newark, 914 F.3d 789, 798 (3d Cir. 2019). This can be done "by demonstrating an 'affirmative link' between the policy or custom and the particular constitutional violation" alleged. Id. Allegations that simply paraphrase the standard for municipal liability are too vague and generalized to support a claim against the City. See, e.g., Szerensci v. Shimshock, No. 20-1296, 2021 WL 4480172, at *7 (W.D. Pa. Sept. 30, 2021). Ridriguez has failed to allege that a custom or policy of the City of Philadelphia caused any alleged constitutional violation. Accordingly, his official capacity claims against the Warden of CFCF and Dr. Trivikram will be dismissed.

Ridriguez has also named Dr. Gupta and Dr. Fink of Nazareth Hospital in their "official capacities." But Dr. Gupta and Dr. Fink are not government officials, and thus they cannot be sued in their official capacities. See Kreis v. Northampton County Prison, No. 21-2360, 2022 WL 4236692, at *8 (E.D. Pa. Sept. 14, 2022) (official capacity claims are "inapplicable to suits against private parties where the entity is also susceptible to suit"); Owens v. Connections Community Support Programs, Inc., 840 F. Supp. 2d 791, 796 (D. Del. 2012). Accordingly, the official capacity claims against Dr. Gupta and Dr. Fink will be dismissed.[5]

### B. Claims Against the Warden of CFCF Individually

Ridriguez asserts claims against the Warden of CFCF and attaches copies of grievance forms to his Complaint. To the extent Ridriguez means to raise constitutional claims against the

---

[5] A possible reading of Ridriguez's complaint is that one of the remedies he seeks is release from custody so that he may obtain treatment. It is an unsettled question in the Third Circuit whether release is an available remedy in a § 1983 action where the legality of custody itself is not challenged. See Jorge V.S. v. Green, No. 20-cv-3675, 2020 WL 1921936, at *2 (D.N.J. Apr. 21, 2020). Because Ridriguez would have to overcome a heavy burden before he could show an entitlement to release in any event, I will not address at this time whether release is an available remedy in a § 1983 action.

4

Warden based on how the Warden handled his grievances, that claim is not available because "[p]rison inmates do not have a constitutionally protected right to a grievance process." Jackson v. Gordon, 145 F. App'x 774, 777 (3d Cir. 2005) (per curiam); see also Caldwell v. Beard, 324 F. App'x 186, 189 (3d Cir. 2009) (per curiam). Accordingly, Ridriguez's claim against the Warden of CFCF, to the extent it relates to the handling of grievances, will be dismissed.

To the extent that Ridriguez has sued the Warden based on allegations of inadequate medical care at CFCF, that claim is also insufficiently pled, because Ridriguez has not connected the allegedly deficient medical care to any conduct by the Warden. A supervisor is not liable under § 1981 merely because of their supervisory status. Chavarriaga v. N.J. Dep't of Corr., 806 F.3d 210, 227 (3d Cir. 22015); Robinson v. Delbalso, No. 22-2378, 2022 WL 17248100, at *2 (3d. Cir. Nov. 28, 2022) (per curiam). Rather, there are "two general ways in which a supervisor-defendant may be liable for unconstitutional acts undertaken by subordinates." Barkes v. First Corr. Med., Inc., 766 F.3d 307, 316 (3d Cir. 2014), rev'd on other grounds, Taylor v. Barkes, 575 U.S. 822 (2015). First, a supervisor may be liable if they, "'with deliberate indifference to the consequences, established and maintained a policy, practice or custom which directly caused [the] constitutional harm." Id. "Second, a supervisor may be personally liable under § 1983 if he or she participated in violating the plaintiff's rights, directed others to violate them, or, as the person in charge, had knowledge of and acquiesced in the subordinate's unconstitutional conduct." Id. (quotation marks omitted). Generalized allegations that a supervisor is "in charge of" or "responsible for" an office or facility are insufficient to allege personal involvement in an underlying constitutional violation. See Saisi v. Murray, 822 F. App'x 47, 48 (3d Cir. 2020) (per curiam). Ridriguez does not allege any basis for supervisory liability here.

5

Finally, Ridriguez has not alleged that the Warden is liable for failing to intervene to correct the allegedly deficient medical care provided by the medical defendants. "If a prisoner is under the care of medical experts . . . , a non-medical prison official will generally be justified in believing that the prisoner is in capable hands," and Ridriguez has not alleged facts raising a contrary inference. See Spruill v. Gillis, 372 F.3d 218, 236 (3d Cir. 2004); see also Carter v. Smith, 483 F. App'x 705, 708 (3d Cir. 2012) (per curiam) ("Prison officials cannot be held to be deliberately indifferent merely because they did not respond to the medical complaints of a prisoner who was already being treated by the prison medical staff.").

For these reasons, all claims against the Warden of CFCF will be dismissed.

C.     **Constitutional Claims Against Dr. Gupta and Dr. Fink**

To the extent Ridriguez seeks to assert constitutional claims against Dr. Gupta and Dr. Fink, those claims will be dismissed. Claims under § 1981 may only be brought against a person "acting under color of state law." West, 487 U.S. at 48. Ridriguez asserts that Dr. Gupta and Dr. Fink are employed by Nazareth Hospital, which is not alleged to be a government-run hospital. Whether a defendant is a state actor depends on whether there is "such a close nexus between the State and the challenged action that seemingly private behavior may be fairly treated as that of the State itself." Leshko v. Servis, 423 F.3d 337, 339 (3d Cir. 2005) (internal quotation marks omitted). "To answer that question, [the United States Court of Appeals for the Third Circuit has] outlined three broad tests generated by Supreme Court jurisprudence to determine whether state action exists: (1) whether the private entity has exercised powers that are traditionally the exclusive prerogative of the state; (2) whether the private party has acted with the help of or in concert with state officials; and (3) whether the state has so far insinuated itself into a position of interdependence with the acting party that it must be recognized as a joint participant in the

6

challenged activity." Kach v. Hose, 589 F.3d 626, 646 (3d Cir. 2009) (internal quotations and alteration omitted). Because Ridriguez fails to assert any facts that would satisfy any of the three tests, the constitutional claims against Dr. Gupta and Dr. Fink will be dismissed.

## IV. CONCLUSION

For the foregoing reasons, the official capacity claims against all Defendants, the individual capacity claims against the Warden of CFCF, and the constitutional claims against Dr. Gupta and Dr. Fink will be dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii). Ridriguez's remaining claims are his Fourteenth Amendment claim against Dr. Trivikram for deliberate indifference to serious medical needs, as well as the negligence claims against Dr. Trivikram, Dr. Gupta, and Dr. Fink.

Ridriguez will be afforded the option of proceeding only on the claims that remain or filing an amended complaint in an attempt to cure the deficiencies in the dismissed claims, if Ridriguez can allege additional facts in good faith. If Ridriguez chooses to proceed only on the claims that were not dismissed, he must notify the Court of his decision so that summonses may be issued.

An appropriate Order follows.